UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| KING ALLAH JAMES, | ) | |
|---|---|---|
| | ) | Case No. 1:24-cv-84 |
| *Petitioner*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Lee |
| AUSTIN GARRETT, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Petitioner's pro se petition seeking habeas corpus relief from Respondent Austin Garrett.[1] Petitioner specifically seeks habeas corpus relief from (1) his September 8, 2023, convictions and (2) his current custody for other unspecified charges. [Doc. 2 p. 1–2, 6–7].[2] Petitioner has also filed a motion for leave to proceed *in forma pauperis* [Doc. 1].

---

[1] The petition names both the Hamilton County Jail and Detention Center and Austin Garrett as Respondents [Doc. 2 p. 1]. However, Austin Garrett is the Sheriff of Hamilton County, https://www.hcsheriff.gov/gen_info/about_sheriff.php (last visited Feb. 27, 2024), where Petitioner is confined [*Id.*], Sheriff Garrett is the proper Respondent. Rule 2(a) of the Rules Governing 2254 Cases. Accordingly, the Clerk is **DIRECTED** to update the Court's docket to reflect this change.

[2] Petitioner filed the petition [Doc. 2] under 28 U.S.C. § 2241, which is the path down which "pretrial detainees must travel" to obtain habeas corpus relief. *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (citation omitted). And it does appear from his petition that Petitioner seeks relief as a pretrial detainee by asserting that he has been denied his "right to be heard" in a preliminary hearing [*Id.* at 1–2, 7]. However, it is also apparent from the substance of the petition that Petitioner mainly seeks to challenge his convictions based on claims that his guilty plea was coerced, his counsel was ineffective, the judge and district attorney had a conflict of interest, and violation of his "right to be heard" regarding guilty plea motions [Doc. 2 p. 6–7]. But the Court must address such claims under 28 U.S.C. § 2254. *Id.* at 647 (holding that "§ 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment"); *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (holding that "all petitions seeking relief from state court convictions" fall under § 2254). Nevertheless, as it is apparent that Petitioner has not exhausted any of his state court remedies for any of his claims for habeas corpus relief, the Court will dismiss the petition without prejudice for the reasons set forth more fully herein.

As it appears from his motion for leave to proceed *in forma pauperis* that Petitioner cannot pay the filing fee, this motion [*Id.*] is **GRANTED**. Also, for the reasons set forth below, the petition will be **DISMISSED WITHOUT PREJUDICE**.

Before a federal court may grant habeas corpus relief, the petitioner must have exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"). A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a § 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

It is apparent from the face of the petition that Petitioner has not sought relief from the state courts for the claims he seeks to raise herein, including his claim challenging his current custody based on the denial of his right to be heard at his preliminary hearing and his ineffective assistance of counsel claim [Doc. 2 p. 2–7], even though he still has state court remedies available for these claims.³ But Petitioner does not request that the Court stay these proceedings while he exhausts his state-court remedies for his unexhausted claims [*See generally id.*]. Nor has Petitioner

---

³ *State v. Kibodeaux*, 680 S.W.3d 320 (Tenn. Crim. App. 2023) (addressing constitutional claims arising in a preliminary hearing in an interlocutory appeal); *Howard v. State*, 604 S.W.3d 53, 57 ("'The deprivation of effective assistance of counsel is a constitutional claim cognizable under the Post-Conviction Procedure Act.'" (quoting *Moore v. State*, 485 S.W.3d 411, 418 (Tenn. 2016))); Tenn. Code Ann. § 40-30-102(a) (setting forth the one-year limitation period for a post-conviction action).

demonstrated "good cause" for his "failure to exhaust his claims first in state court," such that the Court could find that he may be entitled to a stay of these proceedings. *Rhines v. Weber*, 544 U.S. 269, 273, 277–78 (2005) (providing that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and where the "unexhausted claims are [not] plainly meritless").[4] Accordingly, Petitioner's petition for habeas corpus [*Id.*] will be **DISMISSED WITHOUT PREJUDICE**.

Now the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that Petitioner did not exhaust his available state court remedies for his ineffective assistance of counsel and preliminary hearing claims prior to filing this action, a COA will not issue.

---

[4] In his petition, Petitioner asserts that he did not appeal his convictions because of a threat that his mother would be taken away from him and he would be put in jail while waiting for trial and states he repeatedly asked for a speedy trial [Doc. 2 p. 2]. But Petitioner's conclusory allegations about this threat do not allow the Court to find good cause for his failure to file a state court post-conviction petition asserting his ineffective assistance of counsel claim, or his failure to seek relief from the state courts regarding his pretrial detainee preliminary hearing claim prior to filing this action.

For the reasons set forth above:

1. The petition for habeas corpus relief [Doc. 2] will be **DISMISSED WITHOUT PREJUDICE**; and

2. A COA will not issue.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**